UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL N. ALMEIDA,
    PLAINTIFF

v.

C.A. NO.
JURY TRIAL DEMANDED

BROTHERHOOD OF UTILITY WORKERS OF
NEW ENGLAND LOCAL NO. 329* AND
NATIONAL GRID USA SERVICE COMPANY,
    DEFENDANTS.

## COMPLAINT

Plaintiff Michael N. Almeida ("Almeida"), by and through his attorney, Mark P. Gagliardi, brings this action against his labor union, Brotherhood of Utility Workers of New England Local No. 329* ("Local 329") and his employer, National Grid USA Service Company ("National Grid"), for breach of the duty of fair representation and violation of the Collective Bargaining Agreement between Local 329 and National Grid, respectively. Plaintiff's claim against Local 329 is asserted as an unfair labor practice in violation of the National Labor Relations Act, 29 U.S.C. § 158. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## THE PARTIES

1. Plaintiff MICHAEL N. ALMEIDA ("Almeida") is an individual, male person of legal age and a resident of Coventry, Rhode Island. Almeida is a member of Defendant Brotherhood of Utility Workers of New England Local No. 329* and employed by Defendant National Grid USA Service Company. At all relevant times to this action, Almeida was an "employee" within the meaning of 29 U.S.C. § 152(3).

2. Defendant BROTHERHOOD OF UTILITY WORKERS OF NEW ENGLAND LOCAL NO. 329* ("Local No. 329"), is a non-profit corporation organized under the laws of the Commonwealth of Massachusetts and is authorized to conduct business in the Commonwealth. At all times relevant to this action, Defendant Local No. 329 operated, managed, and controlled the labor union of which Almeida was a member. Furthermore, Defendant Local No. 329 is a "labor organization" within the meaning of 29 U.S.C. § 152(3).

3. Defendant NATIONAL GRID USA SERVICE COMPANY ("National Grid") is a domestic corporation organized under the laws of the Commonwealth of Massachusetts and is authorized to conduct business in the Commonwealth. At all times relevant to this action, Defendant National Grid employed Almeida at its location 145 South Main Street, Hopedale, Massachusetts and exercised control over the terms and conditions of his employment. Furthermore, Defendant National Grid is an "employer" within the meaning of 29 U.S.C. § 152(2).

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 151 et seq.

5. Venue is proper in this Court insofar as the Defendants are doing business in the Commonwealth of Massachusetts and, therefore, are deemed to reside in the District of Massachusetts, in compliance with the requirements set forth in 28 U.S.C. § 1391. Moreover, the acts and/or omissions and/or breach giving rise to these claims occurred in the District of Massachusetts.

6. Personal jurisdiction exists over Defendants in that they maintain sufficient minimal contacts in the Commonwealth of Massachusetts. Specifically, Defendants engage in systematic and continuous activity in the Commonwealth of Massachusetts. Moreover, the actions complained of herein occurred in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

7. At all times relevant to this action, Almeida worked for Defendant National Grid in the Fleet Department as a "Working Leader" at its garage facility located at 245 South Main Street in Hopedale, Massachusetts (the "Hopedale garage").

8. At all times relevant to this action, Defendants Local 329 and Defendant National Grid were parties to a Collective Bargaining Agreement effective for the time period May 12, 2013 to May 11, 2017 (the "CBA").

9. In 2014, National Grid announced the closing of the Hopedale garage and transferred all of the work to its new facility in Sutton, Massachusetts.

10. Almeida reasonably understood this transfer to be a "reduction in forces" within the meaning of the CBA, entitling him to certain legal rights.

11. Shortly thereafter, members of Local 329 — Joseph Arcudi (President), Dave Michelson (Secretary), and Mark Correira (Labor Department) — met with National Grid to discuss Almeida's new role as a result of the reduction in forces.

12. Almeida was not allowed to participate in these discussions and was informed he would remain at the Hopedale garage in a limited role.

13. Almeida objected to this new role because of the restrictions in his new job duties and the safety issues that existed at the new facility.

14. In March 2015, Almeida attempted to exercise his right as a displaced employee due to a reduction in forces.

15. Almeida sought to enter the next lower classification in the same roster or line of progression, seniority unimpaired, and displace juniors in that classification by "bumping" into the position of "Worker Apprentice" in Substation Operations and Maintenance, which was held by an employee junior to Almeida at that time.

16. Arcudi, Michelson, and Correira told Almeida that he was not eligible to displace that employee despite being qualified for this position (as evidenced by his successful completion of Operations and Maintenance School) and having greater seniority than that employee.

17. Almeida believes that the denial of his appointment to the position of Worker Apprentice is a violation of Article VI, Part A, Section 3 of the CBA.

18. Almeida requested several times that Local 329 file a grievance on his belief and each time his requests were ignored.

19. On April 1, 2016, Local 329's attorney provided Almeida with a final notice in writing that Local 329 would not file a grievance on his behalf.

### CLAIM AGAINST DEFENDANT LOCAL 329

### COUNT I
### VIOLATION OF 29 U.S.C. § 158,
### BREACH OF THE DUTY OF FAIR REPRESENTATION

20. Plaintiff hereby incorporates by reference paragraphs 1-19 of this Complaint as though fully set forth herein.

21. Section 158 of the National Labor Relations Act, 29 U.S.C. § 158, establishes a duty upon Defendant Local 329 to represent its members, including Almeida, fairly concerning their rights as union members, including filing grievances on their behalf.

22. At all times relevant to this matter, Defendant Local 329 had the sole power to invoke the grievance procedure on behalf of Almeida.

23. On April 1, 2016, after repeated requests, Defendant Local 329 gave Almeida final notice that it would not pursue a grievance on his behalf in connection with his request to bump into the position of Worker Apprentice.

24. Defendant Local 329's decision to refuse to process Almeida's grievance was arbitrary, capricious or made in bad faith.

25. Defendant Local 329's conduct as described herein constitutes a breach of the duty of fair representation and, thus, an unfair labor practice in violation of 29 U.S.C. § 158.

WHEREFORE, Plaintiff has been harmed thereby.

### CLAIM AGAINST DEFENDANT NATIONAL GRID

### COUNT II
### VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT

26. Plaintiff hereby incorporates by reference paragraphs 1-25 of this Complaint as though fully set forth herein.

27. Defendants Local 329 and Defendant National Grid were parties to a Collective Bargaining Agreement effective for the time period May 12, 2013 to May 11, 2017 (the "CBA").

28. Upon information and belief, Article VI, Part A, Section 3 of the CBA provides Almeida with "bumping rights" as a displaced worker due to a reduction in forces.

29. Almeida sought to enter the next lower classification in the same roster or line of progression, seniority unimpaired, and displace juniors in that classification by "bumping" into the position of "Worker Apprentice" in Substation Operations and Maintenance, which was held by an employee junior to Almeida at that time.

30. However, Defendant National Grid refused to allow Almeida to bump into the position of Worker Apprentice.

31. Defendant National Grid's conduct as described herein constitutes a violation of the CBA.

WHEREFORE, Plaintiff has been harmed thereby.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1. A declaratory judgment declaring the willful and intentional wrongful acts and/or omissions and breaches of the Defendants, including, but not limited to those complained of herein, are in violation of the National Labor Relations Act, 29 U.S.C. § 158 and the CBA.

2. An order that Defendant transfer Plaintiff to the position of "Worker Apprentice" at the Sutton Garage with an appropriate award of back, fringe benefits, and seniority rights.

3. An award of compensatory damages.

4. An award of punitive damages.

5. An order directing the Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Almeida's employment opportunities;

6. A finding that the Defendants stands liable to Plaintiff for an award of his reasonable attorneys' fees, litigation costs and other costs of this action, together with a post-trial hearing to determine the amount of Plaintiff's reasonable attorneys' fees taxable to the Defendants, along with a determination of Plaintiff's litigation costs and expenses taxable to the Defendants;

7. An appropriate award of pre-judgment interest on all sums recovered; and

8. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff claims trial by jury on all issues so triable.

MICHAEL N. ALMEIDA
By His Attorney,

/s/Mark P. Gagliardi
Mark P. Gagliardi (MA BBO# 657622)
LAW OFFICE OF MARK P. GAGLIARDI
120 Wayland Avenue, Suite 7
Providence, RI 02906
(401) 277-2030
(401) 277-2021 (fax)
mark@gagliardilaw.net

Dated: September 27, 2016